Cunningham, Presiding Judge.
Appellant, Rollins, as plaintiff below, in April, 1909, filed his complaint to quiet title to a certain ditch and to *86 a water right incident thereto, averring complete ownership and absolute title of both to be in himself. In 1903, Rollins instituted an injunction proceeding against the appellee Investment Company et al., in which the same question, viz.: the title to the ditch and water here involved, was litigated. In the first action Rollins obtained, ex parte, a preliminary injunction restraining -the investment company and its tenants from diverting and using water from the ditch. On final hearing the.trial court dissolved this injunction and found that the equities of the case, instead of being with plaintiff, were with defendant, the investment company, defendant below and appellee here. The injunction case, which was appealed, was affirmed — see Rollins v. Fearnley, 45 Colo., 319, 101 Pac., 345, where the facts are more fully stated.
On appeal in the former case the supreme court not only found that there was ample evidence introduced on the former trial to support the findings of the lower court that the equities were with the investment company, but expressed the belief that said findings were undoubtedly correct and added that they were unqualifiedly approved by it.
The sole question in both cases brought by appellant turned upon the title to the ditch, and the water right incident thereto. The testimony in both cases was similar. On the first trial, after finding the equities against Rollins and for the investment company, the trial court dissolved the preliminary injunction theretofore granted, by it, and dismissed the case, assigning as its reason for such action the absence of proper and necessary parties to á complete determination of the controversy. The supreme court, in its opinion already cited, expressly ruled that, “all matters affecting appellant Rollins’ rights, as alleged and set forth in his complaint, were correctly determined by the trial court.” Among the matters set forth in Rollins’ original complaint, indeed the principal *87 matter, was Ms clMm of title to tile ditch and water right which in this action he seeks to have quieted in himself.
The evidence in this case (as we read the records in both cases) preponderates in appellee’s favor quite as clearly as in the former case. . •
It is urged in behalf of appellant in his brief in the instant case that the trial court committed error in decreeing to appellees a greater amount of water than is reasonably required to properly irrig’ate their land. It would perhaps be sufficient on this point to say that we find no error assigned which requires us to consider this 'question; but, inasmuch as the evidence introduced on this point was sharply conflicting, we are unable to say that the finding and decree of the trial court in this behalf were wrong. Moreover, the judgment specifically limits the use of the water decreed to appellees to their lands, which are accurately described in the decree, and allows the appellees to use the same only whenever it is necessary, and provides: “That all surplus water over and above the amount of water used by defendant and the intervenor (appellees) for the purpose of irrigating their said lands, shall go to the plaintiff, his heirs, executors, administrators and assigns, for the purpose of irrigating his said lands, ’ ’ providing the appellant shall carry out the terms of. the contract on which his rights are based, which contract' it is not necessary for us to set forth. These provisions of the decree clearly limit the rights of the appellees to the use of the water on the lands now owned by them, and sufficiently guard the rights of appellant against a prodigal use of the water by appellees.
• Serious complaint is made by appellant to the rulings of the trial court on the introduction of testimony, and we think that the repord discloses that both parties were permitted, over objection, to introduce much incom *88 petent evidence, but, as the trial was to the court without a jury, we cannot say that prejudicial error resulted therefrom. .
Decided September 15, A. D. 1913.
Rehearing denied November 10, A. D. 1913.

Judgment Affirmed.